### In re HOSMER.

(District Court, S. D. Iowa, C. D.   May 26, 1916.)

1. BANKRUPTCY ⟊346—PRIORITIES—TAXES.

Under Bankr. Act July 1, 1898, c. 541, § 64, subsec. "a," 30 Stat. 563 (Comp. St. 1913, § 9648), declaring that the court shall order trustee in bankruptcy to pay all taxes legally due and owing by the bankrupt in advance of payment of dividends to creditors, and subsection "b," cl. 5, declaring that debts owing to any person who by the laws of the state is entitled to priority shall have priority, the priority given tax claims which have not become a lien applies only to the general assets, and not to property subject to a lien.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. ⟊346.]

2. BANKRUPTCY ⟊347—PRIORITIES—TAXES.

In administering a bankruptcy estate, costs have priority in distribution of general assets over taxes not a lien.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 538; Dec. Dig. ⟊347.]

3. BANKRUPTCY ⟊346—PRIORITIES—PROPERTY SUBJECT TO LIEN.

Under Bankr. Act, § 67, subsec. "d," as amended by Act June 25, 1910, c. 412, § 12, 36 Stat. 842 (Comp. St. 1913, § 9651), declaring that liens given or accepted in good faith and not in fraud of the act, shall not be affected by bankruptcy, property subject to a landlord's lien is unaffected, and though the trustee in bankruptcy was allowed to dispose of the property, yet as the disposal did not result in any equity for the bankrupt's creditors, the county by reason of the priority of a tax claim, not a lien, to other claims payable out of the general assets, cannot assert a prior lien on such proceeds, for, unless disposal of the property subject to the lien resulted in a surplus, there was nothing which passed to the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. ⟊346.]

---

⟊For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the bankruptcy of Julius A. Hosmer. The claim of Polk County to priority for taxes on property subject to liens was denied by the referee, and the county petitioned for review. Order of referee reversed.

A. G. Rippey, of Des Moines, Iowa, for Trustees of F. M. Hubbell Estate and Des Moines Union Ry. Co.

Howard J. Clark, of Des Moines, for Howard J. Clark, Trustee.

Don B. Shaw, of Des Moines, Iowa, for Polk County.

WADE, District Judge. Certain personal property of the bankrupt was subject to landlord's liens, and this property has been sold by the trustee, and the liens of the holders have been properly established against the proceeds thereof. Polk county, not questioning the liens of the holders, nor the proceedings by which they have acquired the right to subject the proceeds of the property in payment thereof, asserts its right to a prior claim by reason of taxes upon the property upon which the holders' liens existed.

[1] It is not claimed by Polk county that it has perfected any lien upon said property, but it asks preference under section 64 of the Bankruptcy Act (Comp. St. 1913, § 9648), which provides, among other things:

"(a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors."

Subsection "b":

"5. Debts owing to any person who by the laws of the states or the United States is entitled to priority."

The claim for taxes is asserted under either one of the foregoing provisions; not out of the general assets of the estate, as to which there could be no question, but out of the proceeds of the property covered by the liens. I hold that the provisions of section 64 with relation to the payment of taxes, costs, filing fees, costs of administration, wages due to employés, and debts owing to any person entitled to priority, all pertain to the general assets of the estate, and have no relation to property which by reason of liens never became any part of the bankrupt estate.

[2, 3] The trustee does not administer property fully covered by liens, or the proceeds of such property, as assets of the bankrupt estate. The lienholder does not have to establish his lien in the bankrupt court; he has the right to assert it in any court having jurisdiction. If the lienholder does not object, the trustee may take possession of the property covered by the lien, and sell the same, but should not do so unless there is a fair prospect of securing a surplus over the lien, which surplus would be part of the general assets.

"When the property of a bankrupt is subject to valid liens or mortgages, the trustee is entitled to pursue one of two courses: He may, if in his judgment the equity in the property is of value and will yield any benefit to the estate for the unsecured creditors, take possession of the property and bring it to sale free of the mortgage lien, in which event the lien will attach to the proceeds in his hands, and the lien on the property be discharged; or he may sell the equity of redemption. He will exercise his best judgment, with the approval of the bankrupt court. In neither case can he, without the assent of the lien creditor, reduce the value of the security by attaching to the proceeds of the property liability for the cost of administration in bank-

ruptcy. The correct rule, as I apprehend, in such cases, is stated by Judge Hook in In re Harralson, 179 Fed. 490, 103 C. C. A. 70, 29 L. R. A. (N. S.) 737. 'A court of bankruptcy should not assume charge of incumbered property and liquidate the liens on it, unless there are reasonable grounds for believing some advantage will accrue to the bankrupt's estate. If the validity of the liens is unquestioned, and their amount is such that there is probably no excess of value in the property, it should be surrendered to the lienholders, or others entitled, unless some other reason appears for retaining control. A court of bankruptcy is not a court of general jurisdiction for the adjudication of controversies or the administration of assets in which the bankrupt's estate is in no wise interested. If, however, cognizance is taken, it should be assumed some benefit or advantage was expected to accrue to the general creditors; and if it results otherwise it is equitable to make the general estate bear the cost of the proceeding. Here the proceeds of sale did not equal the admitted incumbrance, and the deficiency should not be further increased by deducting the commissions of the officers, if there is a general estate against which they can be charged. This is in analogy to the general practice in equity in foreclosure.'" In re Cutler & John (D. C.) 228 Fed. 771.

Judge Connor in this case further reviews many authorities, all of which are applicable to the question involved. The following quotations are in point:

"Here the only action taken by the mortgagees was to file their claim, asserting their right to the proceeds of the property. Certainly they did not, by simply asserting the right to the proceeds of the mortgaged property, subject themselves to a liability for the entire cost of the proceeding in bankruptcy, amounting to some 15 per cent. of the proceeds. They were not asking the aid of the court to foreclose their mortgages."

"In Re Goldsmith (D. C.) 118 Fed. 763, cited by counsel for the trustee, it is held that secured creditors, whose property has been taken and sold by the trustee, are not required to prove their claims and have the proceeds paid them as a dividend, but may, in any appropriate manner, intervene and demand the payment to them of the proceeds of the property upon which they have a valid lien. This opinion, and authorities, may be examined with profit."

"The mortgagees are entitled to be paid the amount of their debts, to the extent of the proceeds of the property covered by the mortgages, without any diminution by reason of cost or expenses incurred in the proceeding in bankruptcy."

To the same effect is In re Rauch (D. C.) 226 Fed. 982, in which it is said:

"By the words 'of estates,' in section 62, supra [Comp. St. 1913, § 9646] and 'bankrupt's estates' in section 64, subsec. 'b,' supra, is meant the unincumbered assets generally of a bankrupt, properly administrable in bankruptcy, as distinguished from that of the property of a bankrupt dedicated by law to the payment of a particular obligation, or upon which there is a specific lien. The last-named section is intended particularly to give the order to be observed by trustees in the payment of such unincumbered estate."

Section 67 of the Bankruptcy Act (Comp. St. 1913, § 9651), provides:

"d. Liens given or accepted in good faith, and not in contemplation of, or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, to the extent of such present consideration only, not be affected by this act."

The rule which applies to the costs of administering the bankrupt estate must apply with reference to the payment of taxes, where the tax is not a lien. In fact, the costs are given precedence by the act.

In Prince v. Walter (D. C.) 131 Fed. 546, it is specifically held that taxes which were not a lien could not be given precedence over a mortgage in the distribution of the proceeds of the mortgaged property.

If Polk county had a lien upon the property sold by the trustee, it would then present a case of a contest between two lienholders, and the court would have to determine priority of liens; but in this case no such question is presented. If the landlords had chosen to proceed in the state courts to enforce their liens, I do not apprehend that it would be contended that the county could, before acquiring a lien under the statutes of Iowa, come into court and ask to have the taxes first paid from the proceeds of the property when sold under the landlord's lien, and the mere fact that the landlords have permitted the trustee to dispose of the property cannot change their rights, or lessen their interest under their mortgage.

If there be general assets in this estate, of course the taxes will be given preference "in advance of the payments of dividends to creditors," as provided by section 64a; but in the absence of a lien this is the only priority to which the claim for taxes is entitled. It cannot be held that the act of turning over the proceeds of the sale to the lienholders is the payment of a dividend. The trustee is simply transferring to them the proceeds of their property which he has sold.

The authorities relied upon by counsel for Polk county largely relate to cases in which by statute taxes were made a lien.

The order of the referee will be reversed, and the case is referred back to the referee for further proceedings in compliance with this order.