# IN THE MATTER OF E. PILAR HERMANOS.

San Juan, Bankruptcy, No. 172.

### ADMINISTRATION EXPENSES AND LIENS.

Bankruptcy—Priority of Administration Expenses.
> Under § 64 of the Bankruptcy Act, costs of administration do not
> apply to property which does not become a part of the estate, except
> those of preservation and administration.  As the law enforces
> valid liens, the expense must be covered by the estate.

Opinion filed November 19, 1917.

---

*Mr. H. G. Molina* for petitioner.

*Mr. H. F. Besosa* for trustee.

HAMILTON, Judge, delivered the following opinion:

In this case it has been determined that the lien given by
the local embargo or attachment law dates from the original
process, and not from the final judgment in the local court.

### In the Matter of Pilar Hermanos.

In the case at bar this fixes a lien as prior to the bankruptcy proceedings. The petition and rule to show cause and answer thereto now raise the question whether the lien is or is not prior to the bankruptcy administration expenses.

1. As observed in Collier on Bankruptcy, 11th ed. 988, the question whether priorities in § 64 of the Bankruptcy Act are superior to the valid liens which are recognized is a matter of doubt. In the case at bar the point is whether administration expenses are or are not superior to a lien which itself antedates the administration proceedings.

Section 64 (b) provides that "the debts to have priority . . . and to be paid in full out of bankrupt estates and the order of payment shall be (1) the actual and necessary cost of preserving the estate subsequent to filing the position, (2) the filing fees paid by creditors in involuntary cases, (3) the cost of administration, including . . . one reasonable attorney's fee for the professional services actually rendered . . . to the petitioning creditors in involuntary cases" [30 Stat. at L. 563, chap. 541, Comp. Stat. 1916, § 9648] besides other matters which need not be considered. The prior sentence of this section provides for the payment of taxes. The contention of the creditor in this case is that he had a lien, and that it should not have been interfered with; and therefore the interference with it, whether by court proceedings or otherwise, was not his concern, and should not be at his expense. As expressed by Re Hosmer, 233 Fed. 318, the costs of administration pertain to the general assets, and have no relation to property which by reason of liens does not become part of the estate. It would seem on principle that the same point would be true of all valid liens. They must almost necessarily

In the Matter of Pilar Hermanos.

antedate the proceedings to be liens at all, and if the trustee recognized them without more, the lienee could not complain. It would seem to be too strict a rule, however, to require the trustee to judge all cases in advance of hearing, and to be penalized if he happen to make a mistake.  Bankruptcies are frequently involved, and it is the duty of the trustee to save everything possible for the estate.  The reasonable costs of preservation of property the best right to which will take a court proceeding to determine, should not be charged against the trustee. A bankruptcy proceeding, while in the form of an equitable proceeding, is almost, in the nature of a salvage proceeding in admiralty.  The law would seem to permit the seizing of such property, and the actual and necessary cost of preserving the estate, filing fees, and cost of administration.  If the law is to be held as recognizing and enforcing valid liens, it would seem to follow that the expense of doing so must be covered by the property.  Re Cramond, 145 Fed. 966 (N. Y. Dist. Ct.) ; Re Yoke Vitrified Brick Co. 180 Fed. 235.  This would seem to be the better rule, despite the conflict of authority.

2. This, however, does not at all mean that all expenses in the case shall be taxed up against the lienholder.  It seems that no order is necessary as to appeal costs, because execution may issue upon the order of the court above.  Precisely what is covered by the preservation and the administration in this particular case there are not facts enough before the court to determine.  Unless the parties can agree upon what these expenses are, this particular matter will be referred to the referee.  It is not necessary for the referee to pass upon the cost of appeal.  This certainly is not to be considered as part of the expense of the administration to be paid by Pilar, when

In the Matter of Pilar Hermanos.

the court above has expressly declared that it shall be paid by the trustee, and process can issue to that effect.

It is so ordered.