### In re EATSUM PRODUCTS CORPORATION.

(District Court, S. D. Florida, at Jacksonville. February 19, 1923.)

1. Bankruptcy ☞262(3)—Court may order sale of property free from liens and transfer liens to funds realized from sale.

A bankruptcy court has jurisdiction to order a sale of bankrupt's property free from mortgage liens if deemed for the best interests of the estate and the liens are transferred to the funds realized from the sale.

2. Bankruptcy ☞264—Evidence held to show that proper notice of sale was given to mortgagors.

Evidence that, at a general creditors' meeting pursuant to notice to. all creditors, creditors were informed that a stated offer for bankrupt's mortgaged property had been received and this property would be sold at the best offer obtainable, and the meeting was continued until a later date, *held* to show that proper notice was given to mortgagors of a subsequent sale of the property.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the Eatsum Products Corporation, bankrupt. Petition by the Bank of Orange & Trust Company for review of an order of the referee ordering a sale of bankrupt's real estate. Order confirmed.

Dickinson & Dickinson, of Orlando, Fla., for petitioning creditor.

Alexander Akerman, of Orlando, Fla., for trustee.

CLAYTON, District Judge. On this hearing on the petition by the Bank of Orange & Trust Company for review of the order of the referee, two only of alleged errors of the referee were insisted upon. The other four were not urged upon the attention of the court, but from an examination of them it is apparent that they are without any merit.

[1] The first contention of petitioner is that the bankruptcy court was without jurisdiction to order the sale of the real estate, which was taken over and sold in the regular course by the trustee, for the reason that such property was covered by a mortgage lien. The sufficient answer is that the trustee had authority to administer such property of the bankrupt if deemed to the best advantage of the estate. Here he took possession of the property for the reason that in his judgment the unsecured creditors would profit thereby, and pursuant to such exercise of judgment the property was sold in the usual orderly way free from liens. The rights that the lienors had to the proceeds of such sale have been preserved and such proceeds will be paid over to the lienors upon the order of the court. The court through its referee determined that the best interests of the estate required that the mortgaged property be sold by the court of bankruptcy itself free from all liens. The discretion of the referee in the matter of such sale was not abused; but in view of all the facts of the case was properly exercised. In re Hosmer (D. C.) 233 Fed. 318, and the other authorities cited by Judge Wade in the opinion. In this connection it must be said that in the proceedings to sell the mortgaged property all the lien creditors were made parties, and that the referee ordered the property sold free from liens, transferring the liens to the funds realized from the sale and directing the fund to be kept separate so that the rights of the lienors were protected. No appeal from such order was taken.

[2] The petitioners urge that proper notice was not given to the mortgagors, but it appears from the record in the case that on November 22, 1922, the referee gave notice to all the creditors, and that a general creditors' meeting pursuant to notice was held on December 15, 1922; that after stating in the notice that all unfinished business connected with the bankrupt estate would be determined at that time, particular different matters were specified which would come up at said creditors' meeting. It was specially stated that the trustee had received an offer of $48,000 for the real estate now in question. The creditors were also informed in such notice that he would continue until December 15th his endeavor to secure a better bid for the mortgaged property; and, further, that the property would be sold at the best bid obtainable. The creditors were also urged to assist the trustee in securing a better bid. On December 15, 1922, the bid of $66,000 for the real estate was submitted at their meeting, and the meeting was ad-

journed over until the 16th in the hope of securing a better offer. On that date a bid of $66,100 was submitted; and, no better offer having been made, the $66,100 was accepted as the final and best bid for the property.

It appears that the order of the referee under review was proper, and its confirmation is decreed.