In re **LEADING EDGE PRODUCTS, INC., Leading Edge Hardware Products, Inc., Leading Edge World Trade Asia, Inc., Leading Edge World Trade, Inc., Light Video Television, Inc., Leading Edge Video Products, Inc., Amazing Things, Inc., and Leading Edge Software Products, Inc., Debtors.**

**Bankruptcy Nos. 89–10373–JNG, 89–10341–JNG, 89–10952–JNG, 89–10953–JNG, 89–10954–JNG, 89–10955–JNG to 89–10957–JNG.**

United States Bankruptcy Court, D. Massachusetts.

Oct. 16, 1990.

---

Peter J. Antoszyk, Kaye, Fialkow, Richmond & Rothstein, Boston, Mass., for trustee.

Mark A. Stull, Schultz & Bednarz, Boston, Mass., for creditor.

## MEMORANDUM

JAMES N. GABRIEL, Chief Judge.

### I. Introduction

Stephen S. Gray, the Trustee of Leading Edge Products, Inc. and its subsidiaries, filed an objection to proofs of claim filed by Softvision, Inc. ("Softvision"). The filing of that objection precipitated the filing of a number of other pleadings, which, in turn, prompted the Court to adopt a procedure whereby the amount of Softvision's claim and the issue of its dischargeability would be resolved separately. Accordingly, the Court, after an evidentiary hearing, determined the amount of Softvision's claim (i.e., $61,666).[1] Following oral argument on Softvision's "Motion to Strike Trustee's Objections to Proof of Claim," the Trustee's opposition to that motion, and Softvision's reply to the Trustee's opposition, the Court took the issue of the dischargeability of Softvision's claim under advisement.

### II. Facts

On February 14, 1989, Leading Edge Products, Inc. filed a voluntary petition under Chapter 11 of the Bankruptcy Code. An involuntary petition had been filed against Leading Edge Hardware Products, Inc. the day before. An order for relief in the involuntary case was entered on March 14, 1989.

Stephen S. Gray was appointed Chapter 11 Trustee in the two Leading Edge cases on February 22, 1989. On April 12, 1989, the subsidiaries of Leading Edge Products, Inc. and Leading Edge Hardware Products, Inc., including Leading Edge Video Products, Inc., filed voluntary Chapter 11 petitions. Approximately one week later, Stephen S. Gray was appointed Chapter 11 Trustee in those cases. Pursuant to orders dated February 22, 1989 and April 21, 1989, the cases are being jointly administered.

Prior to the bar date of June 30, 1989 for filing proofs of claim, on or about April 12, 1989 and June 9, 1989, Softvision filed proofs of claim seeking to recover in excess of $898,000 for royalties it claimed were due under a distributor agreement dated October 27, 1988 between Softvision and Leading Edge Video Products, Inc., as well as for damages arising from breach of that agreement. Thus, the Trustee was put on

---

1. The evidentiary hearing was held on June 5, 1990. The Court made findings of fact and rulings of law on the record that day.

notice that Softvision was a creditor entitled to appropriate notice of hearings under the Bankruptcy Rules.

However, contrary to the requirements of the Bankruptcy Code and the Bankruptcy Rules, Softvision did not receive written notice of the time for filing objections to or the time of the hearings on the disclosure statement and confirmation of the plan of reorganization. By order dated August 8, 1989, the Court approved a disclosure statement, which order required the Trustee to cause a copy of the disclosure statement, the plan of reorganization and a ballot to be transmitted to creditors. The Court held a confirmation hearing on September 13, 1989 and confirmed the plan of reorganization proposed by the Trustee by order dated September 14, 1989. Following confirmation of the plan, on October 5, 1989, the Trustee filed an objection to the proofs of claim filed by Softvision.

## III. Discussion

Relying on a letter from Trustee's counsel to Softvision's former counsel dated July 18, 1989, which letter states that the Trustee "has filed a plan of reorganization," the Trustee argues that, although formal notice was not given to Softvision in accordance with the Bankruptcy Rules, Softvision had actual notice of the hearing on confirmation sufficient to satisfy its due process rights. The Trustee emphasizes that, if Softvision's principals or its counsel had called the Trustee, he would have sent them copies of the documents Softvision was entitled to receive. In the Trustee's view, since Softvision had actual notice that a plan was filed and had an opportunity to present its objections, there was no denial of due process. The Trustee goes on to plead that even if Softvision rejected the plan, due to the overwhelming acceptance of the plan by creditors both in number and dollar amount of claims, its vote would have made no practical difference to the outcome of the case.

The Trustee relies heavily on the case of *In re Toth*, 61 B.R. 160 (Bankr.N.D.Ill. 1986). In the *Toth* case, a secured creditor moved for relief from the automatic stay following confirmation of the debtor's Chapter 13 plan. The secured creditor sought authority to foreclose on its mortgage, thus rejecting the treatment provided for it under the debtor's amended Chapter 13 plan. The secured creditor did not receive the required written notice of the debtor's amended plan until the day of the hearing on its motion for relief from stay, i.e., October 31st. However, the confirmation of the debtor's plan, which occurred on October 3rd, was not entered as an order of the Court on the docket until November 14th. On October 31st, the secured creditor's counsel "was immediately advised by the Court that if she wanted to vacate the order confirming the amended plan the court would entertain such a motion." 61 B.R. at 163. The secured creditor did not heed the judge's advice. It failed to object to the amended plan; failed to move to vacate or to reconsider the order of confirmation and failed to appeal the order of confirmation. The bankruptcy court stated:

> In bankruptcy, a procedural rule requiring notice is adequately complied with by procedure whereby a party not receiving formal notice does receive actual notice and has some available remedy to set aside the judgment. *Matter of Park Nursing Center, Inc.*, 766 F.2d 261, 263 (6th Cir.1985). . . . [I]nformal notice which provides creditors with opportunity for a fair hearing will satisfy the requirement of due process, since creditors with informal notice can thereby be afforded protection equal to that afforded creditors with formal notice. *Ascencio v. Ramirez*, 36 B.R. 943, 44–45 (D.V. I.1984).

61 B.R. at 166. In view of its understanding of the law, the North Dakota court held that the secured creditor had reasonable notice under the circumstances and an opportunity to be heard. *Id.*

The Trustee also cites *In re DCA Development Corp.*, 489 F.2d 43 (1st Cir.1973). In that case, the Court of Appeals for the First Circuit held that where a creditor did nothing after receipt of short but formal notice of two hearings on a proposed transfer of assets, the notice accorded the credi-

tor was sufficient. The court outlined the following guidelines for evaluating notice problems:

> The court in each case must balance the individual's interest in adequate procedure against the overall interest of efficient, final resolution of claims. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313–314, 70 S.Ct. 652 [656–657], 94 L.Ed. 865 (1950). The latter interest is particularly important in proceedings under the Bankruptcy Act, where delay can often result in diminution of corporate assets with no corresponding benefit to creditors. *See In re Inter–City Trust*, 295 F. 495, 497 (1st Cir.), *cert. denied*, 265 U.S. 589, 44 S.Ct. 635, 68 L.Ed. 1194 (1924).
>
> \* \* \*
>
> Moreover, even where formal notice to affected parties is omitted or is insufficient, informal or constructive notice which provides them with the same opportunity for a fair hearing can satisfy the procedural requirements of the Bankruptcy Act. *See e.g., Ferguson v. Bucks County Farms, Inc.*, 280 F.2d 739, 43 (3d Cir.1960); *Harris v. Capehart–Farnsworth Corp.*, 207 F.2d 512, 517 (8th Cir. 1953); *Kattelman v. Madden*, 88 F.2d 858, 863 (8th Cir.1937); *In re Eatsum Prods. Corp.*, 286 F. 447, 448–449 (S.D. Fla.1923).

489 F.2d at 46–47 (footnote omitted).

Softvision, citing *New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953); *Broomall Industries v. Data Design Logic Systems, Inc.*, 786 F.2d 401 (Fed.Cir.1986); *Reliable Electric Co., Inc. v. Olson Construction Co.*, 726 F.2d 620 (10th Cir.1984); *In re In Intaco Puerto Rico, Inc.*, 494 F.2d 94 (1st Cir.1974); and *In re Harbor Tank Storage Co.*, 385 F.2d 111 (3rd Cir.1967), argues that the Trustee's failure to provide it with formal notice of the time for filing objections to and the time for hearings on the disclosure statement and plan of reorganization violates due process and renders the confirmed plan and all its provisions ineffective as to Soft-

vision's claims. Thus in Softvision's view their claims are not discharged pursuant to 11 U.S.C. § 1141.[2]

In the seminal case of *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the Supreme Court stated: " 'the fundamental requisite of due process of law is the opportunity to be heard.' This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Id.* at 314, 70 S.Ct. at 657. The cases cited by Softvision adhere to the proposition that general awareness of a bankruptcy proceeding does not place a duty upon creditors to inquire about court action and creditors have a "right to assume" that they will receive all of the notices required by statute before their claims are forever barred. *See New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. at 297, 73 S.Ct. at 301; *Reliable Electric Co., Inc. v. Olson Construction Co.*, 726 F.2d at 622; *In re Intaco Puerto Rico, Inc.*, 494 F.2d at 99; *In re Harbor Tank Storage Co., Inc.*, 385 F.2d at 115.

In the *Reliable Electric Company* case, the Court of Appeals for the Tenth Circuit affirmed a bankruptcy court's ruling that, where a creditor, despite actual knowledge of the reorganization proceeding in general, did not receive adequate notice of the confirmation hearing, its claim was not discharged. The court held that "notwithstanding the language of section 1141, the discharge of a claim without reasonable notice of the confirmation hearing is violative of the fifth amendment to the United States Constitution." 726 F.2d at 623. The Tenth Circuit specifically cited *In re Intaco Puerto Rico, Inc.*, in which the court stated:

> ... the fact that the creditor may, as here, be generally aware of the pending reorganization, does not of itself impose upon him an affirmative burden to inter-

2. Section 1141 of the Bankruptcy Code provides in relevant part: "the confirmation of a plan ... discharges the debtor from any debt that arose before the date of such confirmation...." 11 U.S.C. § 1141(d)(1)(A).

vene in the matter and present his claim. The trustee can not avoid his statutory responsibility under Chapter X, to formally provide the required notice, simply because of a creditor's possible familiarity with general aspects of the proceedings.

494 F.2d at 99. In a footnote in that case, the Court of Appeals for the First Circuit, citing *In re DCA Development Corp.*, 489 F.2d 43 (1st Cir.1973), indicated it might have reached a different result if "the creditor possessed actual knowledge, not merely of the general pendency of the Chapter X reorganization, but of each particular development therein to which formal notice would be required." 494 F.2d at 99 n. 11.

 The Court finds that Softvision's actual knowledge of the filing of a plan of reorganization is insufficient to change the results mandated by the cases it cites. The *Toth* case relied upon by the Trustee is clearly distinguishable from the facts of the instant case. Moreover, the Court is unconvinced that mere knowledge of the filing of a plan of reorganization shifts the burden to a creditor to inquire as to hearings on the adequacy of the disclosure statement and confirmation. In short, the Court finds, in the circumstances of this case, that Softvision's interests in due process and adequate procedure outweigh the efficient and final resolution of claims. Moreover, whatever notice Softvision had did not provide it with means to protect its interests equal to that afforded creditors with formal notice. The Court's decision might be different if Softvision had actual knowledge of the date of the hearing on confirmation, but mere awareness of the filing of a plan, given the size and complexity of these cases, is simply insufficient. Accordingly, the court rules that Softvision's claim in the amount of $61,666 is nondischargeable.

Parenthetically, the Court is unpersuaded by the remainder of Softvision's arguments to the effect that its claims must be declared nondischargeable as filed in the amount of $898,000. Allowance of the claims in that amount would jeopardize the plan, unjustly penalize the Debtors'

other creditors and reap a windfall for Softvision. The Trustee's failure to give Softvision the requisite notice of the confirmation hearing on the plan should not deprive the Trustee of his right to object to the amount of Softvision's proofs of claim.

## ORDER

In accordance with the memorandum dated October 15, 1990, the Court allows in part and denies in part Softvision's Motion to Strike Trustee's Objections to Proof of Claim. The Court rules that the claim of Softvision, Inc. is nondischargeable and allows the claim in the amount of $61,666. So ordered.