**In re WESTWAY FORD, INC., Debtor.**

**Bankruptcy No. 89–08079–H3–11.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

May 12, 1994.

Richard L. Fuqua, Fuqua, Keim & Maun, L.L.P., Houston, TX, for debtor.

Reese W. Baker, Bennett, Broocks, Baker & Lange, Houston, TX, for Gregory A. Slocum, Mat Willard, George A. Hill, Robert L. Stich, Thomas T. Tucker, Larry Archibald, Otis Jones and Ralph Noack.

### MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

The Court has heard the Motion to Vacate Confirmation Order of Debtor (Docket No. 547) and the Amended Motion to Vacate Confirmation Order of Debtor (Docket No. 569) filed by Gregory A. Slocum, Mat Willard, George A. Hill, Robert Lloyd Stich, Thomas T. Tucker, Larry Archibald, Otis Jones and Ralph Noack, and after considering the pleadings, evidence, memoranda and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law and enters a separate Judgment in conjunction herewith. To the extent any Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

### I. Background

On November 5, 1989, Westway Ford, Inc., the Debtor, filed a voluntary petition for proceedings under Chapter 11 of the Bankruptcy Code. (Petition, Docket No. 1.) On or about that time, the Movants, all employees of the Debtor, were notified of the bankruptcy petition. Gregory A. Slocum, Mat Willard, George A. Hill, Robert Lloyd Stich, Thomas T. Tucker, Larry Archibald, Otis Jones and Ralph Noack, ("Movants") subsequently filed proofs of claim for compensation owed by the Debtor. (Movants' Exhibit Nos. 1–2.)

On June 16, 1993, this Court confirmed the Amended Plan of Reorganization of the Debtor (Docket No. 404) as Modified (Docket Nos. 401 & 406). Although the Movants' claims were still outstanding, the Debtor's service list for notification of the plan confirmation proceedings failed to include the Movants. (Movants' Exhibit Nos. 3 & 4.) Consequently, the Movants did not participate in the confirmation proceedings. Based on the Debtor's failure to provide notice of the Plan, the Movants now challenge the Confirmation Order.

### II. The Notice Requirement

Bankruptcy Rule 3017(d) requires the debtor in possession to "mail to all creditors" copies of the reorganization plan, the court approved disclosure statement, notice of deadlines for acceptance or rejection, and any other pertinent information. Bankruptcy Rule 3017(d) also requires that notice of the time fixed for the confirmation hearing be "mailed to all creditors" pursuant to Bankruptcy Rule 2002(b).

The obligation to provide reasonable notice and to afford interested parties an opportunity to be heard are both Constitutionally mandated. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950). These requirements apply to all proceedings involving a disposition of property, including those in bankruptcy. *City of New York v. New York, New Haven, & Hartford Railroad Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953). The Court finds that the Movants were not notified in accordance with Bankruptcy Rule 3017(d), and thus were not given the opportunity to participate in the confirmation proceedings which disposed of their claims according to the terms of the Debtor's Chapter 11 plan. The Court finds that the lack of notice and opportunity to participate in the proceedings resulted in a violation of Movants' Constitutional right to due process.

■ Courts and commentators have addressed three potential remedies for a due process violation in these circumstances. One is revocation of the reorganization plan. Revocation, however, has usually been adopted as appropriate only in instances of fraud. *See In re Longardner & Assoc., Inc.,* 855 F.2d 455, 460 (7th Cir.1988). Another remedy is to vacate the reorganization plan. This approach is most appropriate in situations where the claim, if non-dischargeable, would likely cause the reorganization plan to fail. *See In re Rideout,* 86 B.R. 523, 529–30 (Bankr.N.D.Ohio 1988). *See also* 4 Norton Bankruptcy Law and Practice 2d § 95:5, 95–8 (2d ed. 1993).

■ Where the claims of the improperly notified creditor(s) are small relative to all claims, and revocation of the plan would be disruptive to other creditors and to the ongoing reorganization, the third approach is to hold that the claims of the creditor(s) improperly notified are not discharged by the confirmed reorganization plan. *See generally,* 4 Norton Bankruptcy Law and Practice 2d § 95:5 (2d ed. 1993), (summarizing several court holdings that "confirmation may not discharge the claim of a known creditor whose claim was not scheduled and who did not receive notice of the reorganization process" and stating that this remedy is least problematic when the non-discharged claims are relatively small).

This approach has been addressed and upheld by the Tenth and Eleventh Circuits. *Reliable Elec. Co., Inc. v. Olson Const. Co.,* 726 F.2d 620, 623 (10th Cir.1984); *Spring Valley Farms, Inc. v. Crow (In re Spring Valley Farms),* 863 F.2d 832, 835 (11th Cir. 1989). In *Reliable Elec.,* a creditor was not notified of the proceedings related to confirmation of the reorganization plan. Because the reorganization plan would have subrogated the creditor's claim without having accorded the creditor the opportunity to dispute the plan, the Court held that Constitutional due process dictated that the creditor should not be bound by the confirmed plan. 726 F.2d 620, 623, *supra.* A similar conclusion was reached by the *Spring Valley* court after finding that a creditor had not been properly notified of the bankruptcy proceedings as

required under Bankruptcy Rule 2002. *Spring Valley,* 863 F.2d at 835.

Like the creditors in *Reliable Elec.* and *Spring Valley,* the Movants have been deprived of the opportunity to defend their claim to property, which in this case is compensation. In contrast to the total claims filed in this Chapter 11 proceeding these are comparatively small claims that will not threaten the continued existence of the Debtor. (Schedules & Statement of Financial Affairs, Docket Nos. 132 & 135.) Debtor does have confirmed and is implementing a reorganization plan under management the Court finds to be experienced and competent in automobile retail. (Testimony of Luke Johnson.) The Court finds and concludes that Movants are not bound by the Amended Plan of Reorganization as Modified and confirmed on June 16, 1993 (Docket No. 404).

### III. *Conclusion*

Based upon the above Findings of Fact and Conclusions of Law, this Court grants in part and denies in part the Motion to Vacate Confirmation Order of Debtor (Docket No. 547) and the Amended Motion to Vacate Confirmation Order of Debtor (Docket No. 569). The Plan is not vacated or revoked. However, Movants are not bound by the terms of the Amended Plan of Reorganization (Docket No. 351) as Modified (Docket Nos. 401 & 406) and approved by this Court's Order of June 16, 1993 (Docket No. 404) and may pursue their claims in any appropriate forum. In conjunction herewith a separate Judgment will be signed on this same date.