**In re LA ROUCHE INDUSTRIES, INC., et al., Debtors.**

**Johnny Ray Ross, Appellant,**

**v.**

**La Rouche Industries, Inc., et al., Appellees.**

Nos. 00–1859–LK, CIV.A.02–1667–JJF. Adversary No. 02–289.

United States District Court, D. Delaware.

March 23, 2004.

David L. Finger, David L. Finger, P.A., Wilmington, DE, for Johnny Ray Ross, Appellant.

Joel A. Waite, Edward J. Kosmowski, Young, Conaway, Stargatt & Taylor, LLP, Wilmington, DE, Of Counsel: Dennis J. Connolly, Dana C. Siragusa, Alston & Bird, LLP, Atlanta, GA, for the Reorganized Debtors.

## OPINION

FARNAN, District Judge.

Pending before the Court is an appeal by Appellant, Johnny Ray Ross from the Order (the "Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered on October 28, 2002. By his appeal, Appellant contends that the Bankruptcy Court erred in (i) denying his motion to vacate the order expunging his claim; and (ii) denying his motion for alternative relief to permit him to continue his action for wrongful death against Debtors as a predicate for recovering from the Debtors' insurance carrier. For the reasons discussed, the Court will reverse the Bankruptcy Court's Order and remand this matter to the Bankruptcy Court for further proceedings consistent with this Opinion.

## I. BACKGROUND

### A. *The Parties' Contentions*

Appellant is the personal representative of the estate of John Daniel Ross. After the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, Appellant, who was unaware of the Debtors' bankruptcy filing, filed suit against the Debtors and others in the Circuit Court of Colbert County, Alabama seeking recovery for negligence and wrongful death. The Debtors did not seek to dismiss Appellant's action as being in violation of the automatic stay, but filed a Notice of Removal removing the action to the United States District Court for the Northern District of Alabama, Northwest Division. Through his attorney, John E. Higginbotham, Appellant later filed a proof of claim in the Debtors' bankruptcy listing the address for notice as "102 E. Dr. [Doctor] Drive Hicks Blvd."

By Order dated March 29, 2000, the Bankruptcy Court confirmed the Debtors Second Amended Joint Plan of Reorganization. Subsequently, the Debtors objected to Appellant's proof of claim. However, Appellant did not receive the objection or any other documents in this bankruptcy proceeding, because his address was recorded as "Drive Hicks Boulevard," instead of "Doctor Hicks Boulevard." Having received no objection to the Debtors' motion, the Bankruptcy Court entered an order expunging Appellant's claim.

By his appeal, Appellant contends that the Order of the Bankruptcy Court sustaining the Debtors' objection to his claim and expunging his claim should be vacated, because Appellant was deprived of his due process right to receive notice of the objection. Appellant contends that the presumption of receipt of notice does not apply in this case, because the notices sent to Appellant were not properly addressed, and there was no testimony in the record as to the effect of a partially incorrect address on postal delivery practices.

Appellant also contends that the Bankruptcy Court had no basis to expunge his claim under Section 502(b) of the Bankruptcy Code. Appellant contends that the Debtors did not come forward with any evidence that the claim was invalid, and the reasons for expungement listed by the Debtors in their Objection to certain proofs of claims did not apply to his claim.

In the alternative, Appellant contends that, at a minimum, he should have been permitted to continue his action to the extent of establishing liability and recovery to the extent of any insurance coverage. Appellant contends that the Bankruptcy Court's decision not to consider this argument on the grounds that the Debtors' insurer was not represented at the hearing was erroneous as a matter of law.

In response, the Debtors contend that Appellant was not deprived of his due process rights to receive notice, because the error in his mailing address was "harmless." The Debtors contend that the Bankruptcy Court correctly concluded that the presumption of receipt of notice attached, and that Appellant could not overcome the presumption with the declaration of Mr. Higginbotham attesting that he did not receive any notices in the Debtors' bankruptcy case.

With respect to Appellant's argument that he should have been given the opportunity to proceed against the Debtors' insurance carrier, the Debtors contend that the confirmation of their Plan of Reorganization discharged their preconfirmation debts. Thus, the Debtors maintain that Appellant is permanently enjoined from collecting on that debt.

## B. *The Bankruptcy Court's Decision*

The Bankruptcy Court's decision was set forth on the record at the October 8, 2002 hearing. With regard to the presumption of receipt of notice, the Bankruptcy Court stated:

I don't believe that Ross has overcome the presumption of receipt of the Notice. The Notice was partially incorrect. The street, which D–R for Dr. Hicks Boulevard, came out as Drive Hicks Boulevard. But the name was correct, the city and state were correct, the number was correct, the zip code was correct. Unless there was a complete breakdown of the postal facilities in Florence, Alabama, this Notice should have been received.

We have the lawyer, Mr. Higginbotham there, a local business person. Presumably the postal service makes an attempt. He was admitted—at least looking at Martindale and Hubbell, he was admitted to practice in 1965.

I think he's a past President of the State Bar Association, among other things, he must be a known person in Florence, Alabama. And, yet he claimed that he never received any of the Notices obtained—that were sent to him here in connection with this case. For that to have happened, repeatedly, is not—that suggestion is not persuasive to me, not sufficiently persuasive to overcome the presumption of mailing—of receipt. (D.I. 6, Exh. A at 9–10).

In addition, the Bankruptcy Court found it significant that Appellant and/or his representative, Mr. Higginbotham, knew of the filing of the reorganization. The Bankruptcy Court also pointed out that Mr. Higginbotham filed a proof of claim, but did not actively pursue the claim by following up with the Bankruptcy Court. (D.I. 6, Exh. A at 10).

As for allowing Appellant to proceed with his action, the Bankruptcy Court expressed its hesitancy to undo a confirmed Plan of Reorganization. (D.I. 6, Exh. A at 11). The Bankruptcy Court also declined to consider Appellant's argument that he should be permitted to proceed against the Debtors to the extent of any insurance coverage on the grounds that the insurer was not adequately represented at the hearing. (D.I. 6, Exh. A at 12–13, 17–18).

## II. STANDARD OF REVIEW

■■■ The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclu-

sions.[1] *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir.1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.' " *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir.1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d Cir.1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a *de novo* basis in the first instance. *In re Telegroup*, 281 F.3d 133, 136 (3d Cir.2002).

## III. DISCUSSION

■■■ As the Supreme Court has recognized, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections...." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Under the Bankruptcy Rules, a claimant must receive a copy of the objection to his claim and notice of a hearing, at least 30 days prior to the hearing, before his claim can be expunged. Fed. R. Bankr.P. 3007. The burden is on the Debtors to show that they satisfied the notice requirements.

1. The Debtors argue that the Bankruptcy Court's decision should be reviewed under the clear error standard, because the inquiry in this case is largely factual and does not require extensive application of the law. The Court's recitation of the standard of review above is the correct standard, and the Court will apply that standard as warranted to the Bankruptcy Court's factual findings and legal conclusions.

See *Dependable Ins. Co. v. Horton (In re Horton)*, 149 B.R. 49, 57 (Bankr.S.D.N.Y. 1992). However, a presumption of receipt of notice arises when mail is properly (1) addressed, (2) stamped, and (3) deposited in the mail system. *Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932).

■■■■ After reviewing the decision of the Bankruptcy Court in light of the applicable law, the Court concludes that the Bankruptcy Court erred in applying the presumption of receipt of notice in this case. As the Bankruptcy Court recognized, the address on the notice to Appellant was partially incorrect. Where, as here, the notice was not properly addressed, the presumption of receipt of notice does not attach. *In re Randbre Corp.*, 66 B.R. 482, 485 (Bankr.S.D.N.Y.1986); *see also In re Taylor*, 207 B.R. 995, 999 (Bankr.W.D.Pa.1997).

The Debtors direct the Court to several cases finding that the absence of a floor number, law firm name and last four digits of a zip code on the respective addresses was no more than harmless error and was insufficient to preclude the respective debtors from relying on the presumption of receipt of notice. *See e.g. Herndon v. De la Cruz (In re De la Cruz)*, 176 B.R. 19, 23 (9th Cir. BAP 1994); *In re Longardner & Assocs.*, 855 F.2d 455, 460 (7th Cir.1988); *Horton*, 149 B.R. at 57. In the Court's view, however, these cases are distinguishable from the circumstances in this case in which the actual street address was incorrectly designated as "Drive Hicks Boulevard" rather than "Dr. Hicks Boulevard." In contrast, the cases cited by the Debtors involve errors which would not have precluded the mail from arriving at the correct location. For example, in *Longardner*, the mailing address was correct, but

lacked a zip code. The presumption of receipt of notice, however, predates the introduction of the zip code, and therefore, the absence of the zip code could not be said to interfere with the presumption of receipt of notice. *See Hagner*, 285 U.S. at 430, 52 S.Ct. 417; *Schutz v. Jordan*, 141 U.S. 213, 220, 11 S.Ct. 906, 35 L.Ed. 705 (1891).[2] Similarly, in *De la Cruz*, a precise floor number and the last four digits of the more recently devised nine-digit zip code were missing, which again, would not preclude the presumption of receipt of notice from attaching or prevent the mail from being likely to reach its destination. Further, in *De la Cruz*, there was evidence that the recipient received other mailings which were sent to the same incorrectly stated address. 176 B.R. at 22–23.

With regard to the *Horton* decision, the court considered a situation in which the debtor did not include a street address, but did include a post office box. While the court recognized that a lack of street address would ordinarily make the delivery of the mail highly unlikely, evidence was introduced that the practice of the post office, when faced with an envelope containing both a street address and a post office box number, was to deliver the mail to the post office box number. Thus, the *Horton* court concluded that the absence of the street address was not material and was unlikely to preclude the mail from reaching the correct destination. 149 B.R. at 57.

■■■■ The Debtors also contend that the Court should apply a "weakened presumption" of receipt of notice, because the Appellant's address on the notice was only "slightly incorrect." The Court, however, is not persuaded that such a presumption should apply in this case, because the

---

**2.** The website for the United States Postal Services states that the 5–digit zip code was introduced on July 1, 1963. http://www.usps.com/history/his2_75.htm.

Debtors have not offered any evidence establishing that, despite the error in the address, it was more likely than not that the notice was delivered to the correct address. *In re Randbre Corp.*, 66 B.R. at 484 (holding that designation of street address as "660" instead of "6600" was material error, and that absent evidence about post office practices dealing with misaddressed mail, weakened presumption of receipt did not apply).

The Debtors also contend that the Court should infer that the mail was correctly delivered, because the Court can take judicial notice that (1) Florence, Alabama is a relatively small city, (2) there is no other street in the city with the misidentified name, (3) the street is named after a prominent person, "Dr. Hicks," and (4) Mr. Higginbotham is a local business person and presumably well-known.[3] In the Court's view, however, these facts are not relevant to the dispositive question of what the post office does when it is faced with improperly addressed mail. *See e.g. Randbre*, 66 B.R. at 486 (recognizing that while "[t]he tenacity of the postal service in delivering imperfectly addressed mail ... may be exhibited in specific instances (postal cynics notwithstanding), [it] is improbable as a general proposition"); *Thames v. Smith Insurance Agency, Inc.*, 710 So.2d 1213, 1215 (Miss.1998) (rejecting the concept of "weakened presumption" in

its entirety and stating, "Mail delivery, even when properly addressed, is problematic in some instances. We have no evidence that affords us confidence in the regularity and timeliness of delivery in cases where the address is 'slightly' imperfect"). The Debtors did not introduce any evidence on this issue, and therefore, the Court is not persuaded that a weakened presumption of receipt of notice should apply.

 The Debtors also point out that the mail was not returned as undeliverable through the affidavit of Kathleen M. Logan of Logan & Co., Inc. That mail was not returned as undeliverable is relevant to whether a presumption or weakened presumption of receipt applies; however, it is not dispositive. *In re Randbre Corp.*, 66 B.R. at 486 n. 6. In this case, however, Ms. Logan's affidavit is insufficient to establish that the mail was not returned undeliverable, because Ms. Logan does not testify to, and no other evidence was presented that, the envelope contained a return address. *See U.S. v. Levin*, 326 F.Supp. 1069, 1072 (D.Minn.1971); *In re Vandergrift*, 232 F.Supp. 857, 862 (W.D.Pa.1964), *aff'd*, 341 F.2d 921 (3d Cir.1965).[4]

 In the alternative, if a weakened presumption of receipt of notice is applied in this case[5], the Court concludes that Appellant has offered sufficient evidence

---

**3.** With respect to the name recognition of Mr. Higginbotham, the Bankruptcy Court relied upon the fact that Mr. Higginbotham was a past president of the bar association and practicing law since 1965. However, the fact that Mr. Higginbotham may be well known in the legal community does not necessarily establish that he is well-known to non-lawyers, including employees of the post-office, and Debtors have not produced any evidence that would demonstrate that Mr. Higginbotham was well-known outside of the legal community.

**4.** *See also In re Henry*, 266 B.R. 457, 469 (Bankr.C.D.Cal.2001) (noting presence of return address when observing, in context of presumption of receipt of notice, that mail was not returned as undeliverable); *In re Brasby*, 109 B.R. 113 (Bankr.E.D.Pa.1990) (same); *In re Ray Brooks Mach. Co., Inc.*, 113 B.R. 56, 59 (Bankr.M.D.Ala.1989) (same).

**5.** The Third Circuit has not yet addressed the concept of a weakened presumption of receipt of notice, and therefore, it is not clear to the Court that such a presumption would necessarily be available to the Debtors.

to rebut that presumption through the affidavit of Mr. Higginbotham stating that he did not receive any notices about the bankruptcy proceeding. Courts applying weakened presumptions have required the introduction of only "slight" evidence to rebut the weakened presumption. *See e.g. Lavean v. Cowels*, 835 F.Supp. 375, 387 (W.D.Mich.1993); *U.S. v. Anthony*, 145 F.Supp. 323, 340 (M.D.Pa.1956). Further, courts have indicated that the denial of receipt may be sufficient to rebut even the full strength presumption of receipt of notice in certain circumstances.[6] *See In re Cendant Corporation Prides Litigation*, 311 F.3d 298, 304 (3d Cir.2002); *In re Yoder Co.*, 758 F.2d 1114 (6th Cir.1985); *Linder v. Trump's Castle Assoc.*, 155 B.R. 102, 106 (D.N.J.1993). Here, only a weakened presumption applies, at best, and therefore, the Court concludes that the evidence offered by Appellant is sufficient to rebut such a weakened presumption.

 Because a full-strength presumption of receipt does not apply, or in the alternative, Appellant has overcome the application of any weakened presumption, the burden of proving that Appellant received notice shifts back to the Debtors. The Debtors contend that Appellant had actual notice of the bankruptcy proceeding, and therefore, should have monitored it. However, it is well established that a known creditor is entitled to formal notice of impending bankruptcy proceedings, even where the creditor has actual knowledge of the proceedings. *In re Trans World Airlines, Inc.*, 96 F.3d 687, 690 (3d Cir.1996); *In re Harbor Tank Storage Co.*, 385 F.2d 111, 115 (3d Cir.1967).

Further, Appellant contends and the Debtors have not responded to the contrary, that there was no basis under Section 502 for the Bankruptcy Court to expunge his claim. Rather, it appears, that Appellant's claim was expunged because no objection was raised by Appellant. Because Appellant was not given the opportunity to object through proper notice, the Court concludes that he was deprived of his due process rights when his claim was expunged.

In sum, the Court concludes that the Debtors have not satisfied their burden of establishing that the notice requirements were satisfied. The presumption of receipt of notice does not apply in this case, because the notice was not properly addressed. As for the application of any weakened presumption, the Court is not persuaded that such a weakened presumption applies, but in any event, Appellant has rebutted any such presumption through the affidavit of Mr. Higginbotham. The Debtors have not offered any evidence regarding the postal services' treatment of misaddressed mail, and the Debtors have not otherwise come forward with evidence demonstrating that Appellant received the actual notice that he was entitled to as a known creditor.

 Because the Court has concluded that notice was not properly given in this case, the Court need not consider the parties' remaining arguments. Appellant's due process rights were violated when his claim was expunged without actual notice, *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 485, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), and therefore, Appellant is entitled to relief, even though the Debtors Plan of Reorganization has been confirmed. *See e.g. In re Linkous*, 990 F.2d 160 (4th Cir.1993); *In re Leading Edge Products, Inc.*, 120 B.R. 616 (Bankr. D.Mass.1990); *In re Westway Ford, Inc.*,

---

6. As the Debtors point out, most courts do hold that the denial of receipt is not sufficient to rebut the presumption of receipt; however, those cases concern full strength presumptions. As the Court has pointed out, the full strength presumption does not apply in this case, because the notice was improperly addressed.

170 B.R. 101, 103 (Bankr.S.D.Tex.1994). To the extent that the Debtors contend that opening the Plan of Reorganization would disrupt creditors, the Court observes that other remedies are available which are less onerous. *In re Westway Ford, Inc.,* 170 B.R. at 103 ("Where the claims of the improperly notified creditor(s) are small relative to all claims, and revocation of the plan would be disruptive to other creditors and to the ongoing reorganization, the third approach is to hold that claims of the creditor(s) improperly notified are not discharged by the confirmed reorganization plan."). Accordingly, the Court will reverse the decision of the Bankruptcy Court denying Appellant's Motion to vacate the Order expunging his claim, and remand this matter to the Bankruptcy Court for further proceedings consistent with this Opinion.

## CONCLUSION

For the reasons discussed, the Court will reverse the Order of the Bankruptcy Court entered October 28, 2002, and remand this matter for further proceedings consistent with this Opinion.